**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>                    Defendants. | Case No. 22-cv-7134 |

## COMPLAINT

Plaintiff Pizza Pack, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Amended Complaint against the entities identified on Schedule A hereto (collectively, "Defendants"). In support thereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claim in this action is brought under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), as well as the shipment of products offered for sale on those Defendant Internet Stores. Specifically, Defendants manufacture, list for sale, sell, and/or ship products to Illinois residents using unauthorized and unlicensed versions of Plaintiff's

copyright-protected marketing materials, the Registrations for which are attached hereto as Exhibit 1 (the "Copyrighted Marketing Materials"). Defendants have committed and have knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3.     Plaintiff manufactures and sells high-quality collapsible food containers, including the unique pizza container featured in Plaintiff's Copyrighted Marketing Materials. This action has been filed by Plaintiff to combat online sellers using Plaintiff's Copyrighted Marketing Materials, or substantially similar versions thereof, to sell virtually identical containers.

4.     The Defendant Internet Stores share unique identifiers establishing a logical relationship between them and reflecting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their product listings using copies and/or altered versions of Plaintiff's Copyrighted Marketing Materials.

5.     Plaintiff is forced to file this action to combat Defendants' infringement of its Copyrighted Marketing Materials. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's copyrights and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury it is sustaining.

## THE PARTIES

### Plaintiff Pizza Pack, LLC

6.      Plaintiff is a limited liability company organized and existing under the laws of the state of Oregon, having a principal place of business at 20305 Hubbard Cutoff Rd. NE, Aurora, OR 97002.

7.      Plaintiff is the creator and seller of high-quality collapsible food containers and related products, including collapsible containers for pizza slices. As explained in more detail below, Plaintiff invests heavily in advertising its products, commissioning high quality images of the products for use in its product listings, and then copyrighting those images.

8.      Plaintiff generates its sales through on-line platforms such as Amazon, Etsy, eBay, and Walmart, as well as its own website, pizzapack.com, where it utilizes the Copyrighted Marketing Materials.

9.      Plaintiff has received extensive editorial coverage and press in various magazines and other publications throughout the world, including publications and websites such as Shark Tank, Yahoo!, sheknows.com, and more.

10.     The registration information for Plaintiff's Copyrighted Marketing Materials and copies of the corresponding images are attached hereto as Exhibit 1. Examples of Plaintiff's Copyrighted Marketing Materials are produced below.

🍕The Pizza Pack™ - Storage for a single slice or an entire pizza!!!🍕

The struggle of trying to stuff a pizza box in your fridge is a thing of the past, the Pizza Pack perfectly stores slices of pizza in a compact, air-tight container that collapses and expands to maximize your fridge space.



- SPACE SAVER - Each pizza container collapses and expands to accommodate the number of pizza slices you have. Perfect for storing leftover pizza without a pizza box taking up the whole shelf!
- PIZZA SAVER - If you don't think pizza tastes better the next day, then you haven't been storing it properly. Our snap-on airtight lids create a vacuum seal that will keep your pizza slices fresher longer! Each pizza pack container features an optional air vent to reduce condensation and prevent you from experiencing the dreaded Soggy Slice Syndrome.
- PERFECT PIZZA PLATES - Each pizza slice box comes with 5 microwavable divider trays that not only keep your slices from sticking together while being stored, but double as pizza plates when you want to reheat a single slice.
- ONE SIZE FITS ALL – Well…almost. The pizza pack fits slices from any pizzas up to 18in. If New York slices are your thing, you can always trim down a side for that perfect fit!
- SAFE & DURABLE - Our reusable pizza boxes are made with non-toxic, BPA free, food-grade silicone which is odorless, leak-proof, and non-stick. They are also microwave, freezer, and dishwasher safe.
- PATENT PENDING
- All images and writing are copyrighted under the USPTO

**Registration #TX0009131054**                    **Registration #VA0002312219**

11.     Plaintiff has expended a great deal of time, funds, and creativity, in the creation and use of its Copyrighted Marketing Materials for marketing, promoting, and selling its products.

12.     Since 2021, Plaintiff has generated hundreds of thousands of dollars in sales of the containers featured in Plaintiff's Copyrighted Marketing Materials, much of which is attributable to the investment Plaintiff has made in the creation and use of the Copyrighted Marketing Materials.

13.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and publicly display Plaintiff's Copyrighted Marketing Materials.

## The Defendants

14.     Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, importation, and

distribution of products which Defendant sell or offer to sell using infringing versions of the Plaintiff's Copyrighted Marketing Materials. Each Defendant has targeted Illinois by selling or offering to sell, or knowingly assisting in the selling or offering to sell, products to Illinois consumers via various online stores using infringing copies of Plaintiff's Copyrighted Marketing Materials.

15.     Defendants appear to be an interrelated group of infringers, who create numerous Defendant Internet Stores which share unique identifiers, such as common design elements, the sale of similar or identical products, the use of similar if not identical product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, check-out methods, lack of contact information, similarly or identically priced products and volume discounts, and the similar or identically infringing copies or variations of Plaintiff's Copyrighted Marketing Materials, all of which establishes a logical relationship between Defendants and suggesting that Defendants' operations arise out of the same transaction and occurrence. Tactics used by Defendants to conceal their identities and the full scope of their operations make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit network.  In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Amended Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

16.     Plaintiff's business success, a significant portion of which is attributable to the use of its Copyrighted Marketing Materials, has resulted in significant infringement of Plaintiff's Copyrighted Marketing Materials. Consequently, Plaintiff maintains a program which continually investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Plaintiff has identified fully interactive e-commerce stores, including the Defendant

Internet Stores, offering for sale and/or selling products to consumers in this Judicial District and throughout the United States using images that infringe the Plaintiff's Copyrighted Marketing Materials.

## Examples of Defendants' Infringement



**Defendant No. 256 "dsacxzmukolp" on Amazon**



**Defendant No. 413 "piume92" on eBay**

17.     Third-party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) attached as Exhibit 2 and finding that on "at least some e-commerce platforms, little identifying information is necessary" for sellers similar to Defendants and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Online sellers engaged in counterfeiting and related infringements hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. *See* Exhibit 2 at p. 22. While Amazon has recently taken steps to attempt to address these shortcomings, the foregoing deficiencies largely remain.

18.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores aliases identified Schedule A attached hereto, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, having sold products to residents of Illinois using images that infringe the Plaintiff's Copyrighted Marketing Materials.

19.     Defendants employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be online retailers, outlet stores, or wholesalers authorized by Plaintiff to use Plaintiff's Copyrighted Marketing Materials. Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendant Internet Stores often include infringing versions of

the Plaintiff's Copyrighted Marketing Materials that make it very difficult for consumers to distinguish such stores from retailers actually authorized to sell products using Plaintiff's Copyrighted Marketing Materials. Plaintiff has not licensed or authorized Defendants to copy, distribute, or publicly display any of Plaintiff's Copyrighted Marketing Materials, and none of the Defendants are authorized to do so.

20.    On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading, and/or incomplete information to e-commerce platforms, including at least Alibaba, Aliexpress, Amazon, DHgate, eBay, Fruugo, Joom, Shopify, Walmart, and Wish. On information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

21.    On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling products using infringing copies or variations of Plaintiff's Copyrighted Marketing Materials to sell those products on e-commerce platforms such as Alibaba, Aliexpress, Amazon, DHgate, eBay, Fruugo, Joom, Shopify, Walmart, and Wish. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their operations, and to avoid being shut down or held accountable for their infringement.

22.    Groups of counterfeiters such as Defendants here are typically in communication with each other. They regularly participate in QQ.com chat rooms, and also communicate through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

23.     Groups such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore sellers similar to Defendants regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Here, on information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their infringement of intellectual property rights.

24.     Defendants operate at least the online marketplace accounts identified in Schedule A and engage in the unauthorized reproduction, public display, and distribution of Plaintiff's Copyrighted Marketing Materials and/or images substantially similar thereto at least through said internet stores.

25.     Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Marketing Materials is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

26.     Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 25 above.

27.     Plaintiff's Copyrighted Marketing Materials constitute creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102.

28.     Plaintiff is the owner of valid and enforceable copyrights in Copyrighted Marketing Materials.

29.     Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyrighted Marketing Materials and has obtained valid copyright registrations for Plaintiff's Copyrighted Marketing Materials.

30.     Defendants do not have any ownership interest in Plaintiff's Copyrighted Marketing Materials.

31.     Defendants had access to the Plaintiff's Copyrighted Marketing Materials via the internet.

32.     Without authorization from Plaintiff, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, either copies and/or variations of Plaintiff's Copyrighted Marketing Materials, in connection with their operation of the Defendant Internet Stores and the sale of products.

33.     Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's Copyrighted Marketing Materials in violation of 17 U.S.C. § 501(a). *See* also 17 U.S.C. §§ 106(1), (3), (5).

34.     Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Copyrighted Marketing Materials through their receipt of substantial revenue, including substantial profit, driven by sales of their products using product listings that infringe Plaintiff's Copyrighted Marketing Materials.

35.     Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating product listing materials for their products that capture the total concept and feel of Plaintiff's Copyrighted Marketing Materials.

36.     On information and belief, Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

37.     Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

38.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

39.     In light of the foregoing, Plaintiff seeks: (i) Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's copyright by Defendants pursuant to 17 U.S.C. § 502; and (ii) monetary relief in the form of statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c)(2) and 505, or, in the alternative, actual damages pursuant to 17 U.S.C. § 504(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and entry of an Order directing as follows:

1)      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from reproducing, publicly displaying, and distributing, Plaintiff's Copyrighted Marketing Materials and all colorable imitations thereof, and in assisting third-parties in such activity, pursuant to 17 U.S.C. § 502;

2)      That Defendants destroy all copies of Plaintiff's Copyrighted Marketing Materials and all colorable imitations thereof made by, or made under the control of, Defendants;

3)      That Plaintiff be awarded statutory damages based on Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000 per infringed work;

4)      That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

5)      Alternatively, should the Court not award Plaintiff statutory damages, that Defendants pay to Plaintiff all actual damages sustained by Plaintiff as a result of Defendants' infringement, said amount to be determined at trial; and that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' infringement of Plaintiff's Copyrighted Marketing Materials as complained of herein, to the extent not already accounted for in the above-referenced assessment of actual damages;

6)      That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Dated: December 19, 2022                      Respectfully submitted,

/S/BRANDON BEYMER
BRANDON BEYMER (ARDC NO. 6332454)
DALIAH SAPER (ARDC NO. 6283932)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100
BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM

ATTORNEYS FOR PLAINTIFF